IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE M. SMITH<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant<br>_____ / | C-04-03312 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Renee M. Smith ("Smith") brings this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability benefits pursuant to Titles II and XVI of the Social Security Act ("the Act"). Before the Court is Smith's motion for summary judgment and the Commissioner's cross-motion for summary judgment. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having considered the papers submitted in support of and in opposition to the motions, the Court rules as follows.

## BACKGROUND

Smith was born on May 13, 1969. (See Tr. 48.) Smith's prior jobs include working as a customer service representative for a credit union and as a bank teller. (See Tr. 72.) On November 5, 2002, Smith filed an application with the Social Security Administration ("SSA")

for disability insurance benefits, alleging she has been unable to work since April 11, 2002 as a result of "Churg-Strauss Syndrome, bulged disc, asthma, back problems, panic disorder, depression, fatigue, numb limbs, flu like symptoms, pain and pressure in lower back. . . and weezing." (See Tr. 58.) After Smith's application was denied by the SSA, both initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ"). (See Tr. 13.)

On April 1, 2004, the ALJ conducted a hearing at which Smith appeared with counsel. (See Tr. 13.) The ALJ heard testimony from four witnesses: Smith; Smith's mother, Linda Jacob; Smith's husband, Brian Smith; and a vocational expert. (See Tr. 13.) On April 13, 2004, the ALJ issued a decision (see Tr. 11), finding Smith was not disabled based on the five-step sequential evaluation process set forth in the Code of Federal Regulations.[1] At step one, the ALJ found Smith had not engaged in substantial gainful activity since April 11, 2002, the date of the alleged onset of the disability. (See Tr. 14.) At step two, the ALJ concluded Smith has "severe, medically determinable impairments described as Churg-Strauss Syndrome (vasculitis), depression, and anxiety." (See Tr. 15.) At step three, the ALJ found Smith's impairments, while severe, do not meet or equal any impairment listed in the federal regulations. (See Tr. 16.) At step four, the ALJ determined Smith is incapable of performing her past work, because her mental impairments limit her to unskilled work. (See Tr. 16.) Specifically, the ALJ found Smith has "moderate difficulties in maintaining concentration, persistence and pace." (See Tr. 15-16.) Finally, at step five, the ALJ

---

[1] "The Commissioner follows a five-step sequential evaluation process in assessing whether a claimant is disabled.
Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three, If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
Step four: Is the claimant capable of performing his past work? If so, the claimant's not disabled. If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled." See McCartney v. Massanari, 298 F.3d 1072, 1074 n. 6 (9th Cir. 2002).

concluded Smith was not disabled because she retained the residual functional capacity ("RFC") to perform unskilled "light" work.  (See Tr. 17.)

On June 9, 2004, the Appeals Council denied Smith's request for review of the ALJ's decision.  (See Tr. 5.)  Thereafter, Smith commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Commissioner's determination to deny disability benefits will not be disturbed if it is supported by substantial evidence in the record as a whole and based on the application of correct legal standards.  See Reddick v. Charter, 157 F.3d 715, 720 (9th Cir. 1998).  "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  The reviewing court must consider the administrative record as a whole, and weigh both the evidence supporting and detracting from the ALJ's decision.  See id.  If the evidence is susceptible to more than one rational interpretation, the reviewing court will uphold the decision of the ALJ.  See id.

The claimant has the burden of proving a disability within the meaning of the Act.  See Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984).  Under the Act, for purposes of both disability benefits and SSI benefits, a claimant is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  See 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).

## DISCUSSION

Smith argues that the matter should be remanded, either with directions to award Smith benefits, or, in the alternative, for further proceedings.  Specifically, Smith contends the ALJ (1) erroneously found she has the RFC to perform unskilled light work; (2) failed to fully consider limitations resulting from Smith's mental impairments; and (3) improperly discredited Smith's testimony.

### A. Light Work

As noted, the ALJ found Smith can perform unskilled light work. (See Tr. 17.) Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and a "good deal of walking or standing." See 20 C.F.R. §§ 404.1567(b), 416.967(b). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." See SSR 83-10.

In finding Smith retained the RFC to perform unskilled light work, the ALJ relied on two medical opinions, that of a medical consultant with the "State Agency (DDS),"[2] and that of Jaskaran Momi, M.D. ("Dr. Momi"), a specialist in internal medicine. (See Tr. 16.) In particular, the ALJ interpreted reports submitted by both the State Agency consultant and Dr. Momi as concluding Smith was capable of doing the "full range of 'light' work activities." (See id.)

Smith argues that the ALJ misconstrued the opinions he relied upon to reach his conclusion about Smith's RFC. Smith asserts that neither the State Agency consultant nor Dr. Momi found Smith capable of the full range of light work, and that, in fact, nothing in either opinion suggests such a conclusion.

The State Agency consultant found that Smith can walk or stand for at least 3 hours in an 8-hour workday, with 30-minute breaks, but cannot walk or stand, for 6 hours in an 8-hour workday.[3] (See Tr. 205.) As noted, "light work" requires walking or standing for a total of 6 hours in an 8-hour workday. See 20 C.F.R. § 416.967(b); SSR 83-10.

Dr. Momi found Smith able to perform a number of work activities without restriction, such as "bending, stooping, crouching, crawling, kneeling, balancing, reaching, handling, fingering, or gripping." (See Tr. 202.) With respect to the activities of standing and walking,

---

[2] The name of the medical consultant is illegible. (See Tr. 211.)

[3] The State Agency consultant did not check a box that would indicate Smith is able to walk/stand for "about 6 hours in a workday," (see Tr. 205), thus indicating the consultant did not deem Smith capable of walking or standing for 6 hours in a workday.

4

however, Dr. Momi found Smith could perform such activities for "about ½ hour at a time for a total of 2-3 hours during an eight-hour shift." (See Tr. 202.) Again, light work requires walking or standing for a total of 6 hours in an 8-hour workday.

Accordingly, neither the State Agency consultant's opinion nor Dr. Momi's opinion supports a finding that Smith can perform light work.

The Commissioner argues that, in the event the Court determines the ALJ erred in finding Smith can perform light work, the Court should find Smith can perform sedentary work. The ALJ did not address whether Smith has the ability to perform sedentary work. Where a reviewing court evaluates an administrative agency's decision, the court reviews the decision solely on the grounds invoked by the administrative agency. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). This Court, therefore, lacks the authority to independently decide the issue. In any event, the ability to perform sedentary work requires, inter alia, "fine dexterity" and the ability to "sit for long periods of time." See 20 CFR § 404.1567(b). The record indicates that the issue of whether Smith can perform some of these activities is in dispute. (See, e.g., Tr. 202 (setting forth Dr. Momi's opinion that Smith can only sit for 2 hours in 8-hour day); Tr. 205 (setting forth consultant's opinion that Smith can sit for 6 hours in 8-hour day).)

Accordingly, the matter will be remanded for consideration of whether Smith can perform sedentary work. See McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.") (internal quotation and citation omitted); see also Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (remanding for further proceedings where "outstanding issues" existed, including whether claimant could perform sedentary work).

**B.    Other Issues**

As noted, the ALJ found Smith, as a result of her mental impairments, was limited to unskilled work. Smith argues that the ALJ failed to expressly consider her statements that she has a fear of crossing most bridges, drinking tap water, and death. (See Tr. 100, 256.) Smith, however, fails to point to any evidence in the record to support a finding that such anxieties result in further restrictions on her ability to perform unskilled work.

Smith also argues the ALJ erred in not finding her testimony fully credible. Because the matter will be remanded for further proceedings, which may include further testimony by Smith, the Court finds it unnecessary to consider such issue at this time.[4]

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS Plaintiff's Motion for Summary Judgement, DENIES Defendant's Cross-Motion for Summary Judgment, and REMANDS the matter for further proceedings consistent with this decision.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2005

MAXINE M. CHESNEY
United States District Judge

---

[4]The Court notes, however, that when discrediting a claimant's testimony, an ALJ's findings must be both "sufficiently specific" and supported by the record. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).